**UNITED STATES of America,**
**Appellee,**

v.

**Torence ARTERBERRY Defendant–**
**Appellant.**

**No. 02–1777.**

United States Court of Appeals,
Second Circuit.

Sept. 29, 2003.

Robert G. Smith, Assistant Federal, Defender, Rochester, N.Y. (Jay S. Ovsiovitch, on brief), for Appellant, of counsel.

Bradley E. Tyler, Assistant United, States Attorney, Rochester, NY, (Michael A. Battle, United States Attorney, Everardo A. Rodriguez, on brief), for Appellee, of counsel.

PRESENT: JACOBS, LEVAL, and POOLER, Circuit Judges.

*SUMMARY ORDER*

Torence Arterberry appeals from a judgment of conviction in the United States District Court for the Western District of New York (Larimer, *C.J.*) entered on December 16, 2002. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

■ 1. A defendant's decision to waive his right to counsel must be made knowingly and intelligently, *United States v. Schmidt*, 105 F.3d 82, 88 (2d Cir.1997), and the court must be so satisfied. The record confirms that Arterberry understood his rights, knew his options, and appreciated the risks of proceeding without counsel. The district court warned him repeatedly and urged him to reconsider; Arterberry was unequivocal. We agree with the district court that this decision was knowing and intelligent, and that a competency hearing was not required to make this finding.

■ 2. In reviewing a challenge to sufficiency, this Court "view[s] the evidence in the light most favorable to the government, . . . construe[s] all permissible inferences in its favor, resolve[s] all issues of credibility in favor of the jury's verdict, and uphold[s] a conviction if any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt." *United States v. Reyes*, 157 F.3d 949, 955 (2d Cir.1998) (citations and brackets omitted).

The "in furtherance" requirement of 18 U.S.C. § 924(c)(1) is satisfied by establishing a "nexus between the firearm and the

drug selling operation." *United States v. Finley*, 245 F.3d 199, 203 (2d Cir.2001). In this case, the jury could reasonably draw that inference from the significant quantity of drugs recovered from Arterberry's house and the four firearms discovered in reasonable proximity to the drugs and drug-related paraphernalia. At least one of the firearms—discovered next to the night stand in Arterberry's bedroom—was readily accessible for his use. Further, there was sufficient evidence for the jury to infer that Arterberry kept the firearms in his home to protect against any attempted robbery of the drugs or drug profits. This combination of evidence, taken in the light most favorable to the government, satisfies the "in furtherance" nexus of 18 U.S.C. § 924(c)(1).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.